

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC., | § § § | |
| Movant, | § § | |
| v. | § § | Cause No. _____ |
| THE ALARM COMPANY, LLC, and SUSAN BRADY, | § § § § | 3-06MC0091-L |
| Respondents. | § | |

## MONITRONICS INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA, AND SUPPORTING BRIEF

TO THE HONORABLE COURT:

Movant, Monitronics International, Inc. (hereinafter "Monitronics"), hereby files this its *Motion for Protective Order and Motion to Quash Subpoena, and Supporting Brief*, in order to seek protection, object and/or seek to quash the subpoena served by The Alarm Company, LLC and Susan Brady (hereinafter "Respondents"), and in support of such relief would respectfully show the Court as follows:

### PARTIES AND SERVICE

1.  Monitronics is a Texas corporation with its principal place of business in Dallas, Dallas County, Texas.

2.  Clem Burkett (hereinafter "Burkett") is an individual residing in Cleveland, Texas. Burkett is an independent contractor for Monitronics who from time to time works for Monitronics at its corporate headquarters in Dallas, Dallas County, Texas.

3. Upon information and belief, The Alarm Company, LLC is a Tennessee limited liability corporation, with its principal place of business in Cordova, Tennessee.

4. Upon information and belief, Susan Brady is an individual residing in Collierville, Tennessee.

5. ADT Security Services, Inc. (hereinafter "ADT") has brought suit in the State of Tennessee against The Alarm Company and Susan Brady in the United States District Court for the Western District of Tennessee, Case No. 05-2779 (hereinafter the "Tennessee Proceeding").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction and venue over this matter pursuant to F.R.C.P. 26(c), which provides that on timely motion a nonparty may seek protection from the court in the district where the subpoena has been served and a deposition is sought to be taken, and order that such discovery not be had or that such discovery be had only on specified terms and conditions. The attempted subpoena service, as well as the deposition sought of Monitronics and/or Burkett (who are non-parties to the Tennessee proceeding) occurred in the Northern District of Texas, jurisdiction and venue properly rest in this Court.

## ARGUMENT IN SUPPORT OF REQUESTED RELIEF

A. **Legal Precedent Authorizing Requested Relief.**

7. Under F.R.C.P. 45 (b)(1), proper service of a subpoena upon a person named therein is effectuated by delivering a copy of that subpoena to such person, as well as tendering of the witness fee and a reasonable mileage allowance. *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

8. When a nonparty is served with a subpoena, that party is entitled to object and/or seek

protection as provided in F.R.C.P. 26 and 45. When such objection or motion is filed, service of the motion may be effectuated pursuant to F.R.C.P. 5(b), which permits service upon a party's attorney in person, leaving a copy at the attorney's office with a clerk or other person in charge, or by mailing a copy to the last known address of the person served. Service has been effectuated as to this motion as reflected in the certificate of service contained at the conclusion of this motion.

9. Pursuant to F.R.C.P. 26 and 45(c), a person served with a subpoena may file a motion seeking protection from the court as to the requested discovery, and/or an objection or a motion asking the Court to quash or modify the subpoena. *See, e.g., Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir.1990). As set forth in FRCP 26(c), a protective order can be issued to protect the movant from annoyance, embarrassment, oppression, or undue burden or expense. Pursuant to F.R.C.P. 45(c)(3)(A)(iv), upon timely motion, the Court shall quash or modify the subpoena if it subjects a person to undue burden. Further, if a subpoena requires disclosure of trade secret or other confidential research, development, or commercial information, or requires a person who is not a party to incur substantial expense, the court may, to protect a person subject to the subpoena, quash or modify the subpoena. F.R.C.P. 45(c)(3)(B). If the Court finds that the subpoena imposes "significant" expenses on a nonparty, "the Court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'"[1]

---

[1] *See, e.g.,* Linder *v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

MONITRONICS INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA, AND SUPPORTING BRIEF- Page 3

**B.     Basis For Relief Requested.**

10.     Upon information and belief, the Tennessee Proceeding is a case involving allegations that Respondents failed to meet various contractual obligations owed to ADT, by among other things, soliciting and/or stealing alarm monitoring accounts belonging to ADT in violation of a contractual agreement and non-solicitation provisions.  Upon further information and belief, Respondents have made counterclaims in the Tennessee proceeding that under Tennessee state law, ADT has violated certain anti-trust and restraint of trade statutes by allegedly entering into certain agreements with direct competitors.

11.     Pursuant to F.R.C.P. 45, a subpoena was ambiguously issued by Respondents' attorney through the Western District of Tennessee for both Monitronics and/or Burkett, or at the very least, is directed to Burkett as an authorized representative of Monitronics, and seeks to obtain sworn testimony from Burkett relating to matters on which he was employed by Monitronics related to corporate policies of Monitronics.  A copy of the subpoena and the return of service is attached hereto as Exhibit "A," and incorporated herein as if set forth in full.  On or about October 6, 2006, the subpoena attached as Exhibit "A" was delivered to the corporate offices of Monitronics in Dallas, Texas.  The subpoena was directed to: "Clem Burkett, Monitronics International, Inc., 12801 N. Stemmons Freeway, Suite 821, Dallas, Texas, 75234."  Attached to the subpoena was a Notice of Deposition, attached hereto as Exhibit "B" and incorporated herein as if set forth in full, seeking to take a deposition on October 19, 2006 in Addison, Texas (a suburb of Dallas).  The Notice of Deposition was directed to: "Clem Burkett, Independent Contractor, Legal Compliance Department, Monitronics International, Inc., 12801 N. Stemmons Freeway, Suite 821, Dallas, Texas, 75234."

12. While Monitronics is unclear as to who the subpoena was actually directed, the subpoena and Notice of Deposition clearly leave the impression that any testimony sought by Respondents will relate to Monitronics and Monitronics' related business matters and practices, rather than any personal matter related to or within the personal knowledge of Burkett. Upon information and belief, Monitronics and Burkett believe that Respondents are attempting to elicit testimony from Burkett on matters pertaining to Monitronics' corporate policies and business activities which were performed by Burkett at the specific direction of Monitronics. More specifically, Monitronics and Burkett have reason to believe that the primary objective of the deposition is to obtain evidence and discovery relating to certain alleged claims made by Respondents that ADT, Monitronics and/or others have been engaged in actions prohibited by Tennessee anti-trust and/or unlawful restraint of trade statutes, including but not limited to, alleged agreements between and with direct competitors (such as Monitronics) to not solicit each company's respective alarm monitoring customers.

13. To the extent Respondents were directing the subpoena and Notice of Deposition to Monitronics as a corporate entity (and thereby intending to use Burkett as Monitronics' agent for service of process reasons), the subpoena and Notice of Deposition fails to comply with F.R.C.P. 30 on several grounds. First, in accordance with F.R.C.P. 30(b)(6),[2] when naming a public or private corporation, the Respondents must describe with reasonable particularity the matters on which examination is requested, such that the corporation can designate appropriate officers or directors

---

[2] *See also, e.g., Sugarhill Records Ltd. v. Motown Records Corp.*, 105 .R.D. 166, 169 (S.D. N.Y. 1985).

MONITRONICS INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA, AND SUPPORTING BRIEF- Page 5

to testify about such matters. As shown on the attached Exhibit "B," the subpoena and Notice of Deposition fail to designate any items upon which testimony is sought. When juxtaposed as against the anticipated reasons why Respondents are attempting to take this deposition, the inadequacies of the subpoena and attached Notice of Deposition pursuant to F.R.C.P. 30 are even more glaring. Second, if Respondents were attempting to designate Burkett as a specific deponent as the representative of Monitronics by virtue of the subpoena and Notice of Deposition, such actions are impermissible under the Federal Rules of Civil Procedure, because corporations and organizations cannot be deposed through ordinary employees, much less those that are independent contractors. *See, e.g., Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991); *Sugarhill Records*, 105 F.R.D. at 169; *Williams v. Lehigh Valley R.R.*, 19 F.R.D. 285, 286 (S.D. N.Y. 1956). To the extent such testimony is sought from either Monitronics and/or Burkett on corporate matters, this Court should enter a protective order (and order quashing the deposition) which prohibits the noticed deposition, until at least such time as Respondents comply with the obligations imposed upon them by the Federal Rules of Civil Procedure.

14.  In accordance with F.R.C.P 45(b)(1), in order for a subpoena to be properly served and effectuated on an individual, a subpoena must be personally delivered to that individual, and the appropriate witness fee and mileage allowance must also be delivered.[3] In this case, if the subpoena was directed to Burkett individually, the process server would need to personally serve Burkett and tender the correct and appropriate fees. However, rather than personally serving Burkett and delivering such fees, the process server simply left a copy of the subpoena with an unknown

---

[3] *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

employee of Monitronics at Monitronics' headquarters on Friday, October 6, 2006. Burkett is an independent contractor with Monitronics, and in this capacity, only typically works Monday through Wednesday at Monitronics' corporate headquarters in Dallas, Texas – the remainder of each week is typically spent by Burkett at or near his home in Cleveland, Texas pursuing personal and other unrelated business matters. Friday, October 6, 2006 was no exception to Burkett's typical schedule, as he left Dallas for Cleveland, Texas sometime late in the evening on Wednesday, October 4, 2006, and did not return to Dallas until Sunday, October 8, 2006. Therefore, there is no way Burkett was personally served "in hand" with the subpoena on Friday, October 6, 2006, as inappropriately and unlawfully shown per the Proof of Service on the attached Exhibit "A."

15.     This failure to properly serve Burkett is clearly noted on the Proof of Service executed and returned by the process server, wherein blanks for the actual person served and manner of service are left conspicuously un-executed and blank by the process server. *See* Exhibit A, page 2. Instead, the process server simply fills in the corporate address for Monitronics, hoping that his haphazard and insufficient service of the subpoena is enough to force compliance from Monitronics and/or Burkett as to the deposition request. To the extent the subpoena was directed to Burkett, service has never been accomplished, and this Court should order that until such time as Burkett is served (and the subpoena is actually directed to him on matters not concerning Monitronics' corporate and business matters), Monitronics need not direct Burkett to comply with the directive to appear and give testimony at the time and place designated on the subpoena and attached Notice of Deposition, especially as to matters for which Burkett is employed by Monitronics.

16.     To the extent that any deposition of Burkett is scheduled, obviously any date which

conflicts with Burkett's travel schedule to and from south Texas will force Monitronics to incur undue and unnecessary expense in making Burkett available for such a deposition when that day does not correspond to Burkett's typical work schedule in Dallas. To the extent that Burkett is subpoenaed for a day on which he is actually in the Dallas area, Monitronics is being forced by Respondents to compensate Burkett, despite the fact that his ongoing job responsibilities are not being performed. This Court should enter a protective order directing that any of these costs and/or expenses in directing Burkett to make himself available for a deposition are to be borne solely by Respondents and paid to Monitronics prior to the taking of any such deposition – especially to the extent that Monitronics is forced to arrange to have Burkett available on either days which Burkett is not normally in the Dallas area, or during normal business hours where Burkett is forced to take time away from his assigned daily employment responsibilities.

17. Lastly, it has come to Monitronics' attention that the parties in the Tennessee proceeding are currently engaged in a comprehensive discovery dispute stemming from the entry of an order concerning wide ranging discovery matters. On June 12, 2006, an *Order Granting in Part and Denying in Part Plaintiff's Motion to Compel*, was entered by the federal Magistrate Judge presiding over discovery matters in the Tennessee proceedings, effectively ordering Respondents to comply with a substantial number of discovery requests served by ADT. That same day, Monitronics is of the understanding that Respondents filed a Notice of Appeal of the Magistrate's Judge's Order to the District court in the Tennessee proceeding, and furthermore, that as of the date of the filing of this motion, no decision has yet to be rendered by the District Court in this matter. Monitronics has significant concern that the matters which are currently being appealed might affect certain

matters upon which Respondents seek sworn testimony from Monitronics and/or Burkett by way of the subpoena and Notice of Deposition. To the extent such matters have not been resolved by the court in the Tennessee proceeding, this Court should enter an order protecting Monitronics from this discovery and/or quashing the Notice of Deposition, until at least such time as all the outstanding discovery dispute issue currently on appeal in the Tennessee proceeding are resolved.

18. Monitronics respectfully requests that this Court enter an order protecting Monitronics and prohibiting or limiting the discovery sought by Respondents, including quashing the subpoena recently served on Monitronics.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Monitronics requests that its Motion for Protective Order be granted in all respects, and that the subpoena served by The Alarm Company and Susan Brady be quashed in its entirety, or alternatively, limited in such fashion that Monitronics' compliance with the subpoena, if any, only be required after The Alarm Company and Susan Brady comply with the Federal Rules of Civil Procedure relative to noticing a corporation or organization for deposition, as well as tender by cashier's check an amount equal to the reasonable costs that Monitronics will incur in complying with the subpoena and/or producing any documents in connection therewith, that Monitronics recover their attorneys' fees and costs associated with the preparation and presentation of this Motion, and that Monitronics recover all such other and further relief, whether general or special, at law or in equity, to which Monitronics shows itself to be justly entitled to receive.

Respectfully submitted,

CULP & DYER, L.L.P.
222 E. McKinney
Suite 210
Denton, Texas 76201
Telephone: (940) 484-2236
Telecopier: (940) 484-4436

By: _____
Marc S. Culp
State Bar No. 05212700
Benjamen S. Dyer
State Bar No. 00795332
Angela J. Hindman
State Bat No. 24046080

ATTORNEYS FOR PLAINTIFF,
MONITRONICS INTERNATIONAL, INC

## CERTIFICATE OF CONFERENCE

This is to certify that on October 11, 2006, I conferred with counsel for Respondents regarding the matters made the basis for this motion and the relief requested therein. Counsel for Respondents indicated that while he could not agree to the relief requested herein at this time, because of the issues raised by this motion, the deposition as requested would need to be indefinitely delayed without prejudice to Respondents' right to pursue the subpoena. Thus, the matters made the basis for this motion are presented to this Court for determination.

_____
Benjamen S. Dyer

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of October, 2006, a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested and via e-mail to David Hardwicke, Abbott, Simses & Kuchler, 1360 Post Oak, Suite 1700, Houston, Texas 77056 and to Jeffrey D. Germany, Morton & Germany, PLLC, 45 N. Third Street, 2nd Floor, Memphis, Tennessee 38103.

_____
Benjamen S. Dyer

# EXHIBIT "A"

## Issued by the
# UNITED STATES DISTRICT COURT

                    Western                     DISTRICT OF                     Tennessee

ADT Security Services, Inc.

V.

The Alarm Company, LLC
and Susan Brady

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-2779

TO: Clem Burkett
Monitronics International, Inc.
12801 N. Stemmons Freeway, Suite 821
Dallas, TX 75234

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| InterContinental Dallas Hotel, 15001 Dallas Parkway Addison, TX 75001 | 10/19/2006 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey D. Germany, Attorney for Defendants, 45 N. Third Street, 2nd Floor, Memphis, TN 38103

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE 12861 N. STEMMONS DALLAS TX |
|---|---|---|
| SERVED | 10-06-06 | IN HAND |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| JACK ROSSER | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  10-06-06
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  4003 WINTER PARK
                    ADDISON, TX

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ADT SECURITY SERVICES, INC.,

        Plaintiff,

Vs.                                                        Docket No.: 05-2779

THE ALARM COMPANY, LLC and SUSAN BRADY,

        Defendants.

## NOTICE OF DEPOSITION OF CLEM BURKETT

Clem Burkett
Independent Contractor, Legal Compliance Department
Monitronics International, Inc.
12801 N. Stemmons Freeway, Suite 821
Dallas, TX 75234

Please take notice that Defendants The Alarm Company, LLC and Susan Brady pursuant to Rule 30 of the Federal Rules of Civil Procedure, give notice that they will, through counsel, take the deposition of Clem Burkett beginning at 10:00 a.m. on Thursday, October 19, 2006 and continuing until completed at the InterContinental Dallas Hotel, 15201 Dallas Parkway, Addison, TX 75001. The method the depositions shall be recorded is by video only.

                                                                     /s/ Jeffrey D. Germany
                                                                     Jeffrey D. Germany (#11823)
                                                                     Andrew B. Sanders (#24690)
                                                                     MORTON & GERMANY, PLLC
                                                                     Attorneys for Defendants
                                                                     45 N. Third Street, 2nd Floor
                                                                     Memphis, TN 38103
                                                                     (901) 522-0050; (f) (901) 522-0053
                                                                     Our File No.: 05-356G

## CERTIFICATE OF SERVICE

  I, Jeffrey D. Germany, hereby certify that a copy of the foregoing pleading has been forwarded, via ECF, to counsel for Plaintiff this the 3rd day of October, 2006.

                    /s/ Jeffrey D. Germany
                    Jeffrey D. Germany